Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| NEIDA MATUTE ARROYO<br><br>Recurrida<br><br>v.<br><br>PEP BOYS, MANNY, MOE & JACK OF PUERTO RICO, INC.<br><br>Recurrente | KLRA202300504 | *Revisión* Administrativa procedente de la Oficina de Mediación y Adjudicación (OMA) del Departamento del Trabajo y Recursos Humanos de Puerto Rico<br><br>Sobre: Despido injustificado (Ley Núm. 80-1976); Sentencia Sumaria; Abuso de discreción<br><br>Caso Núm.: AC-21-279 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece *Pep Boys – Manny, Moe & Jack of Puerto Rico, Inc.* ("Pep Boys o querellada – recurrente"), en un *Recurso de Revisión Judicial* para que revoquemos la *Resolución Interlocutoria* emitida y notificada el 21 de agosto de 2023 por la *Oficina de Mediación y Adjudicación* del Departamento de Trabajo y Recursos Humanos ("OMA – DTRH o foro recurrido"). Allí, declaró *NO HA LUGAR* la solicitud de sentencia sumaria por la querellada – recurrente.

Además, nos solicita que revoquemos la *Resolución y Orden* emitida el 22 de agosto de 2023,[1] en la que la OMA – DTRH ordenó el cierre sin perjuicio y archivo del caso.

Por los fundamentos que expondremos a continuación, se **confirman** las resoluciones recurridas.

---

[1] Notificada el 22 de agosto de 2023.

## -I-

El **2 de julio de 2021**,[2] la OMA – DTRH recibió una querella de la *Sra. Eneida Matute Arroyo* ("Matute Arroyo o querellante – recurrida") contra *Pep Boys* en virtud de la Ley Núm. 80 del 30 de mayo de 1976 conocida como la *Ley sobre Despidos Injustificados*.[3] En síntesis, adujo que laboró para *Pep Boys* alrededor de 24 años,[4] y fue despedida sin justa causa; razón por la cual, reclamó la cantidad de $177,118.50 como remedio correspondiente.

El **13 de septiembre de 2021**, *Pep Boys* presentó su *Contestación a la Querella* negando las aseveraciones en su contra.[5] Entre las defensas afirmativas planteadas, señaló que, la querellante – recurrida fue despedida por justa causa al incurrir en un patrón de violaciones a las normas, políticas y procedimientos de la empresa.[6]

El **27 de abril de 2022**, *Pep Boys* presentó una *Solicitud de Sentencia Sumaria*,[7] —y entre otras cosas— adujo que durante la relación laboral la señora Matute Arroyo incumplió en reiteradas ocasiones con sus funciones, pese a los apercibimientos por lo que fue objeto de disciplina correctiva y progresiva. Por lo que el despido fue justificado, y para fundamentar su solicitud, presentó (junto a varios otros documentos) la deposición de la querellante llevada a cabo el jueves 21 de octubre de 2021.[8]

Luego de varios trámites, el **24 de junio de 2022** la señora Matute Arroyo sometió su oposición a la solicitud de sentencia sumaria.[9] En síntesis, negó las alegaciones de *Pep Boys* y señaló la

---

[2] *Véase*, Apéndice V del recurso del Recurrente, a las págs. 16 – 21.
[3] 29 LPRA sec. 185 *et. seq.*
[4] Desde el 5 de julio de 1995 hasta el 6 de junio de 2020.
[5] *Véase*, Apéndice VI del recurso del Recurrente, a las págs. 22 – 30.
[6] *Id.*, a las págs. 3 – 7.
[7] *Véase*, Apéndice VI del recurso del Recurrente, a las págs. 30 – 432.
[8]*Id.*, a las págs. 67 – 432.
[9] *Véase*, Apéndice XI del recurso del Recurrente, a las págs. 440 – 599.

existencia de controversias materiales de hechos que impedían la resolución del asunto a través del mecanismo sumario.

El **8 de agosto de 2022**, *Pep Boys* presentó una *RÉPLICA A "OPOSICIÓN" A SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR LA QUERELLANTE*.[10] En resumen, adujo que la querellante no cumplió con demostrar la existencia de una controversia real y sustancial que debiera dilucidarse de manera ordinaria. Alegó que solo agregó hechos inconsecuentes e inferencias que no se pueden demostrar mediante prueba; además, de brindar su opinión de cómo el patrono debía atender y realizar los procedimientos disciplinarios. Por lo cual, reiteró que sus actuaciones fueron justificadas.

Varios trámites después,[11] la señora Matute Arroyo presentó ante la OMA – DTRH **aviso de desistimiento** en virtud a la Regla 5.20 del *Reglamento de Procedimientos de Mediación y Adjudicación*,[12] Núm. 7019 ("Reglamento de la OMA").[13]

En cuanto al aviso de desistimiento, el **17 de abril de 2023** la OMA – DTRH, en lo pertinente, determinó:

> *Si bien es cierto que la OMA tiene jurisdicción concurrente con el Tribunal de Primera Instancia, la parte querellante optó por presentar su querella ante este Foro. En la etapa inicial de los procedimientos, la querellante podía haber desistido sin perjuicio y haber presentado su querella ante el Tribunal de Primera Instancia, no obstante, en esta etapa tan adelantada de los procedimientos nos vemos impedidos de acoger la solicitud de la querellante.*[14]

No obstante, el **8 de mayo de 2023** la señora Matute Arroyo presentó una *"MOCION ASUMIENDO REPRESENTACIÓN LEGAL, INFORMANDO PRESENTACION DE DEMANDA EN EL TPI Y REITERANDO DESESTIMIENTO VOLUNTARIO EN CUMPLIMIENTO DE ORDEN".*[15] En resumen, indicó que la nueva representación legal

---

[10] *Véase*, Apéndice XIV del recurso del Recurrente, a las págs. 607 – 639.
[11] El 3 de marzo de 2023 la querellante sometió una moción solicitando la renuncia de su representación legal, ya que interesaba contratar un abogado privado. *Véase*, Apéndice XV del recurso del Recurrente, a la pág. 640.
[12] *Reglamento de Procedimientos de Mediación y Adjudicación*, Reglamento Núm. 7019, del *Departamento del Trabajo y Recursos Humanos* el 11 de agosto de 2005.
[13] *Véase*, Apéndice XVII del recurso del Recurrente, a las págs. 643 – 644.
[14] *Véase*, Apéndice XIX del recurso del Recurrente, a las págs. 650 – 652.
[15] *Véase*, Apéndice XX del recurso del Recurrente, a las págs. 653 – 655.

entendía que la querellante fue despedida injustificadamente y en violación a la Ley Núm. 115 – 1991 contra represalias en el empleo. Así, precisó que en la misma fecha había presentado una querella por despido injustificado y represalias ante el Tribunal de Primera Instancia ("TPI").

En oposición a dicha moción, la *Pep Boys* alegó que el TPI debía sostener su determinación del 17 de abril de 2023,[16] ya que la querellante estaba abusando de los procedimientos administrativos e incurriendo en la práctica ilegal de *"forum shopping"*.

El **18 de mayo de 2023**, la querellante presentó una oposición suplementaria a la solicitud de sentencia sumaria sometida.[17] En esencia, argumentó que no se podía resolver la controversia sumariamente; además, agregó alegaciones referentes a la causa de acción de despido injustificado por represalias.

Así, el **8 de junio de 2023**, *Pep Boys* sometió *"MOCIÓN REITERANDO POR SEGUNDA OCASIÓN SE ENTIENDA CASO DESISTIDO SIN PERJUICIO"*.[18] En oposición al reiterado desistimiento solicitado, insistió a que se denegara nuevamente dicha petición.[19]

Examinadas las mociones, la OMA – DTRH emitió y notificó el **13 de junio de 2023** una *Resolución Interlocutoria*,[20] en la que sostuvo la determinación del **17 de abril de 2023**. Además, rechazó de plano la oposición suplementaria y las demás solicitudes hechas por la señora Matute Arroyo. Por último, expresó que: **"*[S]olo queda por resolver si la solicitud de desestimación sumaria presentada por la parte querellada ante este Foro, <u>habrá de ser acogida o no mediante la correspondiente resolución</u>*."**[21]

---

[16] *Véase*, Apéndice XXI del recurso del Recurrente, a las págs. 656 – 666.
[17] *Véase*, Apéndice XXII del recurso del Recurrente, a las págs. 667 – 709.
[18] *Véase*, Apéndice XXV del recurso del Recurrente, a las págs. 747 – 752.
[19] *Véase*, Apéndice XXVI del recurso del Recurrente, a las págs. 753 – 756.
[20] *Véase*, Apéndice XXVII del recurso del Recurrente, a las págs. 757 – 758.
[21] *Id.*

Finalmente, el **21 de agosto de 2023** la OMA – DTRH atendió la solicitud de sentencia sumaria presentada por *Pep Boys*.[22] Mediante **Resolución Interlocutoria**, determinó no acogerla ya que era necesario celebrar una vista en su fondo para atender la controversia planteada.[23] Señaló que existía una controversia genuina referente a hechos materiales y esenciales relacionados a la investigación llevada a cabo por querellada ante la llamada anónima que terminó en el despido de la querellante.

En ese sentido, el **22 de agosto de 2023** la OMA – DTRH ordenó el cierre y archivo sin perjuicio de la querella en una **Resolución y Orden**, conforme a la Regla 5.20 (b) del Reglamento. En lo pertinente, expreso:

> *Ante la jurisdicción concurrente de la OMA con el Tribunal de Primera Instancia en las materias de su jurisdicción, **no habiendo sido acogida la solicitud de sentencia sumeria presentada por la parte querellada, no teniendo jurisdicción para continuar los procedimientos por razón de que la OMA no tiene autoridad legal para atender la reclamación por represalias, daños y angustias mentales que la parte querellante ha solicitado**. Siendo el Tribunal de Primera Instancia, quien tiene autoridad legal para así hacerlo [...].*[24]

Inconforme, *Pep Boys* solicitó reconsideración de ambas resoluciones el **5 de septiembre de 2023**.[25]

No obstante, transcurridos el término para atender la reconsideración, el **25 de septiembre de 2023** *Pep Boys* recurrió ante este foro apelativo en el *Recurso de Revisión Administrativa* y señaló los siguientes errores:

> *ERRÓ LA OMA AL DETERMINAR QUE NO PROCEDÍA LA SOLICITUD DE SENTENCIA SUMARIA DE PEP BOYS, SIN HACER DETERMINACIONES DE HECHOS ESPECÍFICAS Y SEPARADAS Y SIN ADVERTIR EL DERECHO DE LA PARTE ADVERSAMENTE AFECTADA DE PRESENTAR UNA SOLICITUD DE RECONSIDERACIÓN O DE PRESENTAR UN RECURSO DE REVISIÓN, Y AL ORDENAR EL CIERRE Y ARCHIVO DEL CASO.*
>
> *ERRÓ LA OMA AL NO CONTINUAR LOS PROCEDIMIENTOS Y ACCEDER A LA SOLICITUD DE DESISTIMIENTO DE LA*

---

[22] Notificado el mismo día.
[23] *Véase*, Apéndice I del recurso del Recurrente, a las págs. 1 – 9.
[24] *Véase*, Apéndice II del recurso del Recurrente, a las págs. 10 – 15. Énfasis nuestro.
[25] *Véase*, Apéndice XXVIII del recurso del Recurrente, a las págs. 784 – 806.

*SEÑORA MATUTE, LA CUAL HABÍA SIDO DENEGADA ANTERIORMENTE EN DOS (2) OCASIONES.*

El **2 de noviembre de 2023**, la señora Matute Arroyo presentó su oposición. Habiendo comparecido ambas partes, damos por sometido el asunto.

-II-

-A-

Sabido es que las determinaciones administrativas están revestidas de una presunción de corrección y regularidad.[26] Es norma reiterada que los tribunales debemos dar gran peso o deferencia a las aplicaciones e interpretaciones de las agencias con respecto a las leyes y los reglamentos que administran, por lo que no podemos descartar libremente sus conclusiones e interpretaciones de derecho.[27]

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[28] La revisión judicial de dictámenes administrativos debe limitarse a determinar si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituya un abuso de discreción.[29]

-B-

Por su parte, el Reglamento de la OMA – DTRH fue adoptado con el propósito de asegurar la solución justa, rápida y económica de las querellas presentadas ante el Negociado de Normas del DTRH; alentar el desarrollo y uso de los métodos alternos para la solución de conflictos como complemento del sistema de adjudicación administrativa o judicial; y proveer un procedimiento uniforme para

---

[26] *Gutiérrez Vázquez v. Hernández y Otros,* 172 DPR 232, 244 (2007).; *Hernández v. Centro Unido,* 168 DPR 592, 615 (2006).

[27] *Cruz Negrón v. Adm. de Corrección,* 164 DPR 341, 357 (2005).

[28] *Otero v. Toyota,* 163 DPR 716, 727 (2005).

[29] *Comisionado de Seguros PR v. Integrand,* 173 DPR 900, 914-915 (2008).; *Murphy Bernabe v. Tribunal Superior,* 103 DPR 692, 699 (1975).

la adjudicación administrativa.[30] Estas reglas aplicarán en la adjudicación de disputas, conflictos o controversias laborales, iniciadas ante el DTRH y relacionadas con la aplicación de las siguientes leyes del trabajo:

> *[…].*
> *2. Reclamaciones por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, en aquellas querellas en que no se reclame indemnización por daños y perjuicios por causales adicionales y separadas del derecho de mesada y de compensación por el acto del despido. […].[31]*

Pertinente a la controversia ante nos, la Regla 5.20 del Reglamento de la OMA – DTRH, dispone lo siguiente:

> a. *La OMA podrá ordenar a la parte querellante que muestre causa por la cual no deba desestimarse la querella, a iniciativa propia o a solicitud del querellado, si la querella no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, **por falta de jurisdicción** o por cualquier otro fundamento que proceda en Derecho. En caso de desestimación, la OMA informará a la parte querellante sobre los remedios legales que tiene disponibles para proteger sus intereses. **Contra dicha determinación, procederá una solicitud de reconsideración o revisión judicial, según se dispone en las Reglas 6 y 7 de este Reglamento.**[32]*
> b. *La **parte querellante podrá desistir de su querella**, mediante la presentación de un **aviso de desistimiento** o mediante estipulación de las partes en cualquier etapa de los procedimientos. **El desistimiento será sin perjuicio,** a menos que el aviso o la estipulación expresaren lo contrario. **Será con perjuicio** si la parte querellante **hubiere desistido anteriormente** de la misma reclamación; **o la parte querellada hubiere cumplido con su obligación**, en cuyo caso la parte querellante estará impedida de presentar nuevamente una querella por los mismos hechos.[33]*

---

[30] Regla 1.3(a) del *Reglamento de Procedimientos de Mediación y Adjudicación, supra.*

[31] Regla 1.3(b) del *Reglamento de Procedimientos de Mediación y Adjudicación, supra. Énfasis nuestro.*

[32] En lo referente a una reconsideración, la Regla 6 del *Reglamento de Procedimientos de Mediación y Adjudicación, supra,* en lo pertinente, expresa lo siguiente: *Una parte adversamente afectada por una resolución u orden parcial o final de la Oficina podrá solicitar reconsideración dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución y orden… La OMA **deberá** considerarla durante los quince (15) siguientes a su presentación. Si la rechazare de plano o no actuare dentro de esos quince (15) días, el término para solicitar revisión judicial comenzará a nuevamente desde que se notifique la denegatoria o desde que venzan los quince (15) días, según sea el caso.*

[33] Regla 5.20 del *Reglamento de Procedimientos de Mediación y Adjudicación, supra. Énfasis nuestro.*

Referente a lo que es una *Orden* o *Resolución,* la Regla 1.4 del Reglamento de la OMA – DTRH define lo siguiente:

*t. **Orden o Resolución**: Decisión o determinación que **adjudique derechos u obligaciones** de una persona específica o de varias, **o que imponga sanciones** a las partes.*
*u. **Orden interlocutoria**: Medida o pronunciamiento que **dispone de algún asunto** de naturaleza **procesal**.*
*v. **Orden o resolución parcial**: Acción o medida que **determina o adjudica algún derecho y obligación** que **no ponga fin a la controversia** total **sino a un aspecto especifico** de la misma.*[34]

Sobre órdenes y resoluciones sumarias, la Regla 5.11 del referido Reglamento establece:

*La OMA **ordenará el cumplimiento de lo que proceda en derecho** cuando, en cualquier etapa del procedimiento adjudicativo, luego de las partes haber hecho sus planteamientos y de haber evaluado la evidencia, **no surja una controversia real de hechos**. En tal caso, si una de las partes solicita reconsideración, el Juez Administrativo podrá citar a vista en reconsideración, siempre que establezca la existencia de una controversia real sobre hechos pertinentes.*[35]

En consonancia con lo antes expuesto, el Reglamento de la OMA enuncia que tanto las *Reglas de Procedimiento Civil* como las *Reglas de Evidencia* no son de aplicación estricta a las vistas administrativas, solo en la mediada que ayuden a cumplir con los fines de la justicia.[36]

**-C-**

Sabido es que la Ley de la Judicatura de 2003 establece la facultad revisora de este Tribunal de Apelaciones.[37]  Ahora, en el ámbito administrativo dicha Ley nos limita a examinar órdenes o resoluciones finales.  En lo pertinente lee como sigue:

*"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas".*[38]

---

[34] Regla 1.4 del *Reglamento de Procedimientos de Mediación y Adjudicación, supra. Énfasis nuestro.*
[35] Regla 5.11 del *Reglamento de Procedimientos de Mediación y Adjudicación, supra. Énfasis nuestro.*
[36] Regla 5.21 del *Reglamento de Procedimientos de Mediación y Adjudicación, supra. Énfasis nuestro.*
[37] Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* 4 LPRA sec. 24 *et seq.*
[38] Art. 4.006, inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24y.

De igual modo, la Regla 56 del Reglamento del Tribunal de Apelaciones limita nuestra jurisdicción revisora a determinaciones administrativas finales.[39]

Cónsono con lo antes expuesto, la Ley de Procedimiento Administrativo Uniforme (LPAU),[40] establece claramente que la agencia deberá emitir una orden o resolución final para que sea objeto de revisión judicial en este Tribunal de Apelaciones. A esos fines, dispone lo siguiente:

> *Una parte adversamente afectada por **una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final de la agencia** [...].[41]*

Al respecto, el Tribunal Supremo de Puerto Rico ha denominado una "orden o resolución final" de una agencia administrativa, como aquella que dispone del caso ante la agencia y tiene efectos de adjudicación y dispositivos sobre las partes.[42] "*Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias*".[43]

Por otra parte, cabe indicar que —para que una orden o resolución administrativa se considere final— debe contener determinaciones de hechos y conclusiones de derecho. En lo pertinente, la Sec. 3.14 de LPAU dispone lo siguiente:

> *La orden o resolución **deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación,** la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.[44]*

---

[39] 4 LPRA Ap. XXII–B, R. 56.
[40] Ley Núm. 38 del 30 de junio de 2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* Énfasis suplido.
[41] Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Énfasis suplido.
[42] *Depto. Educ. v. Sindicato Puertorriqueño* 168 DPR 527, 545 (2006).
[43] *Ibid.*
[44] 3 LPRA sec. 9654. Énfasis suplido.

Así, nuestra jurisprudencia ha sido muy clara en sus explicaciones con respecto a cuándo una resolución u orden administrativa es final —y por tanto revisable— si en lo pertinente, contiene lo siguiente:

> *La ley [LPAU] contiene una descripción de lo que tiene que incluir una orden o resolución final; esto es, **requiere que incluya unas determinaciones de hecho, las conclusiones de derecho de la decisión,** una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, según sea el caso, y la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley.[45]*

**-III-**

En resumen, *Pep Boys* señala que la OMA – DTRH incidió al determinar que no procedía la solicitud de sentencia sumaria sin hacer determinaciones de hechos aparte, sin advertir sobre el derecho de reconsideración o revisión judicial. Además, plantea que erró al ordenar el cierre y archivo del caso. No tiene razón.

Contrario a lo señalado por el recurrente, la OMA – DTRH no está obligada a realizar determinaciones de hechos, ni a advertir sobre el derecho de reconsideración o revisión judicial en la ***Resolución interlocutoria*** en la que denegó acoger la solicitud de sentencia sumaria. Todavía más, dicha resolución es una de carácter interlocutoria, por lo que no constituye una resolución final de la agencia sujeta a revisión judicial.

No obstante, la OMA – DTRH emitió una ***Resolución y Orden*** —al día siguiente— de carácter final en la que ordenó el cierre y archivo sin perjuicio del caso, ya que conforme al derecho antes expuesto, no tiene autoridad legal para atender una reclamación por represalias, daños y angustias mentales como los reclamados por la señora Matute Arroyo en la acción judicial.

De lo antes expuesto, no surge razón alguna por la cual debamos intervenir con las determinaciones emitidas por la OMA – DTRH. Por lo cual, **confirmamos** las resoluciones recurridas.

---

[45] *ARPe v. Coordinadora,* 165 DPR 850, 867 (2005).

## -**IV**-

Por los fundamentos antes expuestos, se **confirman** las resoluciones recurridas.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones